Dear Mr. Thompson,
Based on your opinion request, I have researched the following issues concerning the commissioning and authority of state levee district police officers after the recent change in the language to R.S. 38:326:
Does the change in language to R.S. 38:326A.(1)(b) which added the phrase, "in accordance with the provisions of R.S. 40:1379.1", change the jurisdictional boundaries of levee district and levee and drainage district police officers?
The answer to this question is "NO."
Levee district police officers may be employed by a levee district pursuant to La.R.S. 38:326. Under this statue, "[e]ach such person named as a police officer by the president of the levee district . . . shall be commissioned as a peace officer by the Department of Public Safety and Corrections in accordancewith the provisions of R.S. 40:1379.1. See La.R.S. 38:326(A). The addition of the language cited above does nothing more than to describe the process by which commissioning shall take place for such levee district police officers.
As stated in La. Atty. Gen. Op. No 09-0267, LA R.S. 38:326 further provides that Levee District Police Officers "are responsible for maintaining order and exercising general police power on and off the levees, within the area of the *Page 2 levee district or levee and drainage district, and upon itssurrounding waters." Id. (emphasis added). In addition, the law states that Levee District Police Officers "shall have the right to exercise the power of arrest as peace officers, according to law, within the area of their jurisdiction as providedherein." Id. (emphasis added).
This language limiting the jurisdiction of levee district police officers remains unchanged. Had the legislature intended levee district police officers to have statewide police power, the language highlighted above could have and should have been modified with great clarity to effect such a change. The legislature maintained this language, and in doing so, is presumed to have intended to maintain the existing jurisdictional boundaries for levee district police officers.
Thus, levee district police officers possess the authority to maintain order and exercise general police power on and off the levees, within the area of the levee district and upon that district's surrounding waters. This authority includes the power to effect arrests as peace officers, according to law, but only within the area of their jurisdiction.
This office notes that your inquiry in this respect has been answered several times before in formal opinions. See
La. Atty. Gen. Op. Nos. 93-719, 93-771, 96-22, and 98-154. In these previous opinions, this office, under prior administrations, has consistently concluded that levee district police officers have jurisdiction only within the geographic boundaries of the levee district, whether on or off levee district property or on adjacent waterways. We see no reason to stray from that conclusion.
Previously, you indicate that the commission cards issued to your officers by the State Police make reference to La.R.S. 40:1379.1 as a possible basis for the exercise of statewide peace officer authority by levee district police. In our opinion, however, this apparently stray reference cannot expand your officers' geographic jurisdiction. Similarly, a clarification and/or additional requirement referencing the "process" for commissioning levee district police officers cannot expand the jurisdiction of those officers when the legislature has maintained unchanged language in the same statute which expressly limits the jurisdiction of those police officers.
R.S. 40:1379.1 does authorize the Superintendant of the State Police to issue special commissions that have state-wide police power. But the only way to receive that state-wide authority would be to make an application for a "special officer commission" under R.S. 40:1379.1 and meet all of the requirements thereof — namely the showing of a need for state-wide police power and power to arrest, proof of proper bonding, and adherence to any restrictive stipulations set forth in the commission. La.R.S. 40:1379.1 (A). *Page 3 
By contrast, the levee district police authority is granted by R.S. 38:326, not R.S. 40:1379.1. In other words, R.S. 38:326 is sufficient authority for the Office of State Police to issue to commissions to designated police officers of the various levee districts throughout this state. A levee district police commission issued pursuant to this statute is limited as provided therein to jurisdiction over areas within the levee district boundaries and adjacent waters. In the opinion of this office, the state police should issue commissions to levee district police officers according to R.S. 38:326, without reference to R.S. 40:1379.1. Given the specific limitations of authority and jurisdiction set forth in R.S. 38:326, it is doubtful that the legislature intended each levee district police officer to have state-wide police power as authorized by R.S. 40:1379.1. The mere reference to R.S. 40:1379.1 in a levee district police officer's commission issued by the State Police, and/or the reference to R.S. 40:1379.1 when describing the process for applying for a commission to serve as a levee district police officer, in our view, cannot expand the jurisdiction of levee district police officers beyond that prescribed and expressly limited by R.S. 38:326, which specifically delineates the jurisdictional limitations of the levee district police.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ STEPHEN C. MARTIN ASSISTANT ATTORNEY GENERAL
SCM:jy cc: Supt. Of State Police